**LOCAL 1529 OF the UNITED FOOD AND COMMERCIAL WORKERS UNION, and Robert Scott, Plaintiffs,**

v.

**HARVEST FOODS, INC., Defendant.**

**No. 2:94CV010–B–O.**

United States District Court, N.D. Mississippi, Delta Division.

Jan. 21, 1994.

---

Roger K. Doolittle, Jackson, MS, for plaintiffs.

No answer has been filed for defendant.

### ORDER

ORLANSKY, United States Magistrate Judge.

Presently before the court in the above entitled action is a paper captioned "Plaintiff's Pre–Discovery Disclosure of Core Information" apparently prepared by plaintiffs pursuant to Section 3.I.A. of this court's Civil Justice Expense and Delay Reduction Plan which is applicable to all civil cases filed in this court on or after January 1, 1994. Because plaintiffs' disclosure plainly fails to comply with the requirements of the Plan, the court *sua sponte* orders additional disclosures.

■ Section 4.I.A.1.(b) required plaintiffs to serve with their complaint, *inter alia*

"A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to the claims asserted."

In ¶ 2(c) of their disclosure, they make reference to

"All documents pertaining to the issue and amount of back-pay award.

"Plaintiffs would submit that these documents will be produced at a mutually agreed upon time and place pursuant to Rule 34 of the *Federal Rules of Civil Procedure.*"

This is not what the Plan requires. Plaintiffs must serve with their complaint copies of the documents referred to, or, if the documents are so voluminous or bulky that service with the complaint is impractical, must describe them by category in a manner which is meaningful so as to convey a reasonably accurate and comprehensive indication of the nature of the documents and must also state the precise location of the documents, and if different categories of documents are located in different places, so state. It follows, of course, that if the documents are so voluminous or bulky as to be impractical to serve with the complaint, the plaintiffs must make them promptly available to the defendant for inspection and copying.

Plaintiffs' disclosure is insufficient in at least three particulars. First, it fails to explain why copies of the documents cannot be served with the complaint. Second, it fails to provide any kind of meaningful description of the documents, and, third, it fails to state the location of the documents.

■ In ¶ 3 of their disclosure plaintiffs state

"Plaintiffs would submit that a computation of the damages claimed by the Plaintiffs, and any documentation supporting such claims, will be produced at a mutually agreed upon time and place pursuant to Rule 34 of the *Federal Rules of Civil Procedure.*"

Section 4.I.A.1.(c) of the Plan required plaintiffs to serve with the complaint

"a computation of any category of damages claimed by the party, making available for inspection and copying as under Rule 34, FRCP, the documents or other evidentiary material, on which such computation is based, including materials bearing on the nature and extent of injuries suffered."

In that regard plaintiffs' disclosure almost totally fails to comply with the requirements of the Plan. Although plaintiffs do offer to

make available the documents supporting their damage computations [presumably the same documents referred to in ¶ 2(c) ], they entirely fail to set out a computation of any damages whatsoever. Plaintiffs' offer to provide such a calculation "... at a mutually agreed upon time and place ..." is unacceptable.

The approach to disclosure adopted by plaintiffs is calculated to defeat one of the two major goals of the Plan: to expedite civil litigation by requiring the disclosure of core information and documents at the outset of the litigation. Such dilatory tactics cannot be tolerated by the court if the time goals of the Plan are to be achieved. It is, therefore

ORDERED:

That plaintiffs shall forthwith serve upon defendant the following:

1. Copies of all documents within the possession, custody or control of plaintiffs pertaining to the issue and amount of back-pay award referred to in ¶ 2(c) of plaintiffs' disclosure.

2. A computation of each category of damages claimed by plaintiffs.

3. Copies of all documents or other evidentiary materials on which such computations are based.

If it is the contention of plaintiffs that any of the categories of documents herein required to be produced are so voluminous or bulky as to make production impractical, they shall so state in their supplemental disclosure, explain why they believe that is the case, shall provide a meaningful description, as hereinabove defined, of each such category of documents or other evidentiary materials, and shall state the location of each such category of documents or other evidentiary materials.